IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| Charles Mervin Perry, #162983, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>)<br>Warden, Evans Correctional )<br>Institution, )<br>)<br>Respondent. )<br>_____ ) | Civil Action No. 3:10-2082-CMC -JRM<br><br>**REPORT AND RECOMMENDATION** |

Petitioner, Charles Mervin Perry ("Perry"), is an inmate at the South Carolina Department of Corrections serving a sentence of 15 years imprisonment for first degree burglary and 10 years (concurrent) for grand larceny. Perry filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 which was received by the Court on August 16, 2010. Respondent filed a return and motion for summary judgment on November 30, 2010. Because Perry is proceeding *pro se*, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was issued on December 14, 2010 advising him of his responsibility to respond to the motion for summary judgment. Perry filed a response on January 7, 2011.

**Background and Procedural History**

1

On November 11, 2004, Perry broke into the residence of a University of South Carolina law student in Richland County and stole various items, including heirloom jewelry valued in excess of $10,000. Perry's fingerprint was found at the point of entry, and he was arrested. Perry was represented by April Woodard Sampson, Esquire. Perry pled guilty to first degree burglary and grand larceny on November 17, 2005. He did not file a direct appeal.

Perry filed an application for post-conviction relief ("PCR") on October 25, 2006. (App. 29). An evidentiary hearing was held on January 30, 2008. Perry was represented by Tara D. Shurling, Esquire. Perry and trial counsel testified. The PCR court issued a detailed order of dismissal on March 28, 2008. Perry filed a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP, on April 7, 2008. The motion was denied on June 26, 2008.

A petition for writ of certiorari was filed in the South Carolina Supreme Court on Perry's behalf by the South Carolina Commission on Indigent Defense raising the following issue:

> Did the PCR court err in not finding plea counsel ineffective for failing to argue appropriately that the court had sentencing authority to suspend the fifteen year minimum sentence for first degree burglary?

The petition for writ of certiorari was denied on September 3, 2009. The Remittitur was returned on September 21, 2009.[1]

## Grounds for Relief

In his present petition, Perry asserts he is entitled to a writ of habeas corpus on the following grounds:

**GROUND ONE:**    Ineffective Assistance of Counsel. Erroneous Advice.

---

[1] While the appeal was pending, on August 20, 2010, Perry filed a second PCR in state court arguing ineffective assistance of counsel on the part of his PCR appellate attorney. This application appears to remain pending.

                      Supporting Facts. The Judge was in doubt of the statute concerning the charge of Burglary 1st degree. The judge ask [sic] for solid evidence which would empower him to suspend the sentence because he didn't feel that the could. In a court of law the lawyers were ambivalent about the law.

**GROUND TWO:**     Lost right of Appeal

                      Supporting Facts: After All the doubt about the Power of the Court, I was not informed that I could appeal the issue.

## Discussion

### A. Anti-Terrorism and Effective Death Penalty Act ("AEDPA") Statute of Limitations

Respondents assert that the petition should be dismissed because it was not timely filed under the one-year statute of limitations created by the AEDPA. The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions. Subsection (d) of the statute now reads:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The one-year statute of limitations begins to run on the date the Petitioner's conviction becomes final, not at the end of collateral review. Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000). In South Carolina, a defendant must file a notice of appeal within 10 days of his conviction. Rule 203(b)(2), SCACR. Thus if a defendant does not file a direct appeal, his conviction becomes final ten days after the adjudication of guilt. Crawley v. Catoe, 257 F.3d 395 (4th Cir. 2001). If a defendant files a direct appeal and his conviction is affirmed, the conviction becomes final 90 days after the final ruling of the South Carolina Supreme Court. Harris, 209 F.3d at 328, n. 1 (conviction become final on the expiration of the 90-day period to seek review by the United States Supreme Court).

The statute of limitations is tolled during the period that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled for the entire period of the state post-conviction process, "from initial filing to final disposition by the highest state court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." Taylor v. Lee, 196 F.3d 557, 561 (4th Cir. 1999). Following the denial of relief in the state courts in state habeas proceedings, neither the time for filing a petition for certiorari in the United States Supreme Court, nor the time a petition for certiorari is considered by the United States Supreme Court, is tolled." Crawley v. Catoe, 258 F.3d at 399. A state collateral proceeding must

be "properly filed" for the statutory tolling provisions of 28 U.S.C. § 2244(d)(2) to apply. "(A)n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." Artuz v. Bennett, 531 U.S. 4, 8 (2000) (footnote omitted). "When a post-conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." Pace v. DiGulielmo, 544 U.S. 408, 414 (2005) quoting Carey v. Saffold, 536 U.S. 214, 236 (2002).

Generally, computing periods of time under 28 U.S.C. § 2244(d)(2) is pursuant to Fed. R. Civ. P. 6(a). Hernandez v. Caldwell, 225 F.3d 435, 439 (4th Cir. 2000).

The Fourth Circuit has held that the statute of limitations in § 2254 is not jurisdictional, but subject to the doctrine of equitable tolling. Equitable tolling applies only in "those rare instances where–due to circumstances external to the [Petitioner's] own conduct–it would be unconscionable to enforce the limitation against the [Petitioner]." Harris, 209 F.3d at 330. Under § 2244(d), the State bears the burden of asserting the statute of limitations. Petitioner then bears the burden of establishing that his petition is timely or that he is entitled to the benefit of the doctrine of equitable tolling. Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002). To benefit from the doctrine of equitable tolling, a petitioner must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way" preventing him from timely filing. Pace, 544 U.S. at 418.

Perry's conviction became final 10 days after his conviction became final, i.e., November 28, 2005. He waited 330 days to file his PCR on October 25, 2006. The statute of limitations remained tolled until the Remittitur was returned on September 21, 2009 following denial of his petition for

5

writ of certiorari. At that point, the statute of limitations began to run again. Perry did not indicate when he delivered his petition to institutional authorities for mailing, but the petition is dated August 2, 2010. Giving Perry the benefit of that date for filing, another 314 days lapsed prior to the filing of the present petition. Thus a total of 644 days of untolled time lapsed between the date Perry's conviction became final and the filing of the present petition.

Perry makes no argument that he is entitled to equitable tolling. *See* Roseboro response at p. 4. Therefore, the undersigned concludes that the petition is untimely.

### B. Ineffective Assistance of Counsel

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). In the case of Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A petitioner must first show that his counsel committed error. If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Turner v. Bass, 753 F.2d 342, 348 (4th Cir. 1985) quoting Strickland, *reversed on other grounds*, 476 U.S. 28 (1986). In meeting the second prong of the inquiry, a complaining defendant must show that he was prejudiced before being entitled to reversal. Strickland requires that:

> [T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

> would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.
>
> * * *
>
> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. . . the court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the <u>wide</u> <u>range</u> of professionally competent assistance. (Emphasis added).

<u>Strickland</u> at 694-95.

Under the AEDPA, a federal habeas court must determine whether the state court's decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The court's analysis should center on whether the state courts properly applied the <u>Strickland</u> test. *See* <u>Williams v. Taylor</u>, 529 U.S. 362 (2000). ("Strickland test provides sufficient guidance for resolving virtually all ineffective assistance of counsel claims.")

Ineffective assistance of counsel claims may be asserted in limited circumstances where the petitioner has entered a plea of guilty. A guilty plea generally precludes the petitioner from challenging defects in the process which occurred prior to the plea. He "may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in <u>McMann</u>." <u>Tollett v. Henderson</u>, 411 U.S. 258, 267 (1973). When such a claim is raised, the voluntariness issue is subsumed within the claim of effectiveness of the attorney's assistance. <u>Hill v. Lockhart</u>, 474 U.S. 52, 56 (1985).

In order to prevail on a claim of ineffective assistance of counsel pertaining to a guilty plea, a petitioner must show that his lawyer's performance was incompetent, i.e., the first prong of the

Strickland test. Under this prong, counsel "has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." Strickland, 466 U.S. at 691. The prejudice prong of the Strickland test is modified and the petitioner must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59.

The penalty for first degree burglary pursuant to S.C.Code Ann. § 16-11-311(B) is "life imprisonment. For purposes of this section, 'life' means until death. The court, in its discretion, many sentence the defendant to a term of not less than fifteen years." When advising Perry of the maximum penalties at the plea hearing, the trial court noted that there was some "argument" about the minimum fifteen year sentence, but indicated that would be his sentence. (App. 11). Later, at the point of sentencing, the following colloquy occurred between counsel and the court:

> **Ms. Sampson:** - - and he just wanted to go ahead and move on. He wanted me to ask for less than the fifteen (15). I explained that some people believe that you can get less and some don't; but I understand that you're going to give him the fifteen (15) years.
>
> **The Court:** Yes. There's always some debate about it, Mr. Perry, but you know if somebody comes up with something and convinces me solidly that it's not, I might revisit it.

(App. 23).

Thereafter, Perry was sentenced to 15 years on the burglary indictment. The sentence was not appealed.

By the time Perry received his PCR hearing, the South Carolina Supreme Court had decided State v. Thomas, 372 S.C. 466, 642 S.E. 2d 724 (2007). The opinion held that a trial court had the

discretion to sentence below a statutory minimum ten year sentence in a drug case because the statute in question[2] did not specifically prohibit suspension of a sentence below the mandatory minimum, citing various other South Carolina statues that contained such specific language. The statute for first degree burglary, quoted above, similar to the drug statute at issue in Thomas, does not include the specific prohibition against suspension below the fifteen year minimum.

After the ruling in Thomas, the Chief Administrative Judge of General Sessions Court in the Fifth Circuit (Richland and Kershaw Counties) sent a memorandum to the Richland County Public Defender's Office addressing the application of the holding to similar statutes. The focus of the PCR hearing was centered on the Thomas holding in analyzing Perry's ineffective assistance of counsel claim. The PCR court, citing a number of South Carolina cases, noted that an attorney is not required to anticipate changes in the law. The PCR court further held that "(w)hile the ruling in Thomas did not change the law, it certainly clarified interpretation of the statute relating to the ability of the trial court to suspend sentences." (App. 78).

The PCR court applied Strickland v. Washington and Hill v. Lockhart to this claim, finding that counsel was not ineffective. The record shows that counsel raised the possibility of a lesser sentence, but the court rejected the attempt because there was no clear precedent. The holding was in line with federal case law. *See* Lenz v. Washington, 444 F.3d 295, 307-308 (4th Cir. 2006) (trial attorney not ineffective in failing to anticipate a ruling of the Supreme Court of Virginia effecting a change in state law); Lott v. Coyle, 261 F.3d 594, 609 (6th Cir. 2001) (appellate counsel not ineffective for failing to anticipate ruling of Ohio Supreme Court despite conflicting opinions in Ohio Court of Appeals); and United States v. Fields, 565 F.3d 290 (5th Cir. 2009) (counsel not ineffective

---

[2]A violation of S.C. Code Ann. § 44-53-445.

9

for failing to anticipate change in sentencing pursuant to United States v. Booker, 543 U.S. 220 (2005)).

Perry also asserts that he was not advised that he could appeal the issue. This ground was addressed as a claim of ineffective assistance of counsel by the PCR court.

The right to effective assistance of counsel extends to direct appeal. Pennsylvania v. Finley, 481 U.S. 551, 559 (1987). The Strickland standard is used to evaluate whether counsel was constitutionally deficient for failing to file a notice of appeal. Roe v. Flores-Ortega, 528 U.S. 470 (2000) and Frazier v. South Carolina, 430 F.3d 696, 704-705 (4th Cir. 2005). "To establish a Sixth Amendment violation based upon counsel's failure to appeal, [the petitioner] must prove that (1) counsel was ineffective, and (20 a reasonable probability that, but for counsel's ineffectiveness, an appeal would have been filed." United States v. Witherspoon, 231 F.3d 923, 926 (4th Cir. 2000) (citing Roe, 528 U.S. at 477-83).

If counsel has consulted with the defendant, the failure to file an appeal is deficient only if it contradicts the defendant's instructions to appeal. Roe, 528 U.S. at 478. In the absence of a direct instruction from a defendant to appeal, the question of whether counsel's failure to appeal is constitutionally deficient depends upon "whether counsel in fact consulted with the defendant about an appeal." Roe, 528 U.S. at 478.

> If counsel fails to consult, the defendant may demonstrate prejudice by showing that a rational defendant would want to appeal. The defendant may do this by demonstrating either that (a) there were non-frivolous issues for appeal, or (b) he had adequately indicated his interest in appealing. The mere presence of non-frivolous issues to appeal is generally sufficient to satisfy the defendant's burden to show prejudice. Attempting to demonstrate prejudice based on a reasonably obvious interest in pursuing an appeal, however, necessitates an additional showing that, had the defendant received reasonable advice from counsel about the appeal, he would have instructed counsel to file an appeal.

Frazier v. South Carolina, 430 F.3d at 708-709 (internal citations and quotation marks omitted).

The record shows that the trial court specifically advised Perry that he could appeal his guilty plea and sentence and that he would have ten days to file a notice of appeal. (App. 18). During the PCR hearing, Perry did not testify that he asked trial counsel to file an appeal. Counsel testified that Perry never asked her to file an appeal.

Since Perry filed his petition after the effective date of the AEDPA, review of his claims is governed by 28 U.S.C. § 2254(d), as amended. Lindh v. Murphy, 521 U.S. 320 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir.), *cert. denied,* 521 U.S. 371 (1998) and Green v. French, 143 F.3d 865 (4th Cir. 1998), *cert. denied*, 525 U.S. 1090 (1999). That statute now reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States Supreme Court has addressed procedure under § 2254(d). *See* Williams v. Taylor, 529 U.S. 362 (2000). In considering a state court's interpretation of federal law, this court must separately analyze the "contrary to" and "unreasonable application" phrases of § 2254(d)(1).

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases .... A state- court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [the Court's] precedent.
>
> * * *
>
> [A] state-court decision involves an unreasonable application of [the

11

> Supreme] Court's precedent if the state court identifies the correct governing legal rule from this Court's cases but unreasonably applies it to the facts of the particular state prisoner's case. Second, a state-court decision also involves an unreasonable application of [the] Court's precedent if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.

*Id.* at 1519-20. Ultimately, a federal habeas court must determine whether "the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 1521.

### Conclusion

Based on a review of the record, it is recommended that Respondent's motion for summary judgment be **granted**, and the petition **dismissed** without an evidentiary hearing.

_____
Joseph R. McCrorey
United States Magistrate Judge

February 17, 2011
Columbia, South Carolina

**The parties are referred to the Notice Page attached hereto.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).